### JOHNSON et al. v. BELLROSE et al. (No. 6415.)

(Court of Civil Appeals of Texas. Austin. April 12, 1922. Rehearing Denied May 17, 1922.)

**1. Trial ⟐⟐143—Improper to direct verdict on conflicting evidence.**

Where evidence was sufficient to raise an issue of fact in a jury trial, it was reversible error to withdraw the case from the jury by peremptory instruction.

**2. Appeal and error ⟐⟐989—As to whether evidence sufficient to raise issue, court on appeal looks only to appellant's evidence.**

As to whether in any given case the evidence is sufficient to raise an issue of fact, the appellate court will look only to the evidence in behalf of appellant.

**3. Mines and minerals ⟐⟐54(3)—Whether parties had a contract for purchase of oil lands held for jury.**

In an action by purchasers for breach of contract of sale of oil lands, whether plaintiffs had a contract for the purchase of the land *held* for the jury.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by George F. Johnson and others against H. W. Bellrose and others. From judgment for defendants, plaintiffs appeal. Reversed and remanded for new trial.

Alva Bryan, John Maxwell, and G. W. Barcus, all of Waco, for appellants.

D. A. Kelley and J. D. Williamson, both of Waco, for appellees.

JENKINS, J. Appellants brought this suit to recover damages on account of an alleged breach of contract with reference to the sale and purchase of 918 acres of land known as the South Bosque Oil Field, in McLennan county, Tex., together with the books, franchise, and personal property used in connection with the operation of said oil field; and also to recover title and possession of 518 acres of said land. They alleged that they had a contract for the purchase of said property from the South Bosque Petroleum Company, owner thereof, acting through its duly authorized agent and general manager, Thomas E. Keahay, for the sum of $57,500; that they had resold 400 acres of said oil lands to H. W. Bellrose, for the sum of $80,000, and would have received that sum from Bellrose but for the fact that the petroleum company, through said Keahay, interfered and prevented said sale; and he himself afterwards sold all of the land to Bellrose for $57,500.

Appellees defended upon the theory that the oil land was not sold to appellants, but that appellants were the agents for the sale of said land, and were to be paid a commission of 5 per cent. on said sale; that appellants did not produce a purchaser able and willing to buy the property.

The court peremptorily instructed the jury to return a verdict for appellees.

[1, 2] There are a number of issues raised by the assignments and propositions thereunder that we do not deem necessary to discuss. The determinative issue is whether the evidence in the case was sufficient to raise an issue of fact for the jury. It is too well settled to require citation of authority that, where the evidence is sufficient to raise an issue of fact in a jury trial, it is reversible error for the court to withdraw the case

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from the jury by peremptorily instructing them as to their verdict. As to whether in any given case the evidence is sufficient to raise an issue of fact, the appellate court will look only to the evidence in behalf of appellant. If such evidence is true, as the jury might have so found, and the evidence contradicting is not true, as the jury might have so found, and such evidence would have sustained a verdict in favor of appellants, it is the duty of the court to submit the issue to the jury.

[3] The evidence on behalf of appellants in this case is that they had a contract with the South Bosque Petroleum Company for the purchase of this land for $57,500, less 5 per cent. thereof. Appellees, in effect, contend that, even if this is true, the contract ceased to be of any force for the reason that it was put in the hands of a bank, in escrow, and not to become effective until the sum of $5,750 was paid, and that the sum was to be paid on or before July 21, 1920; and that the money was not paid on or before that date, consequently the contract ceased to be of any force. One of the appellants testified that there was no agreement that this $5,750 was to be paid on or before July 21, 1920, and that he could and would have paid it on that date, or within a few days thereafter, from the money which he would have obtained from Bellrose, but for the interference of Keahay, the representative of the petroleum company.

This testimony is sufficient to raise the issue of fact for the jury as to whether appellants had a contract for the purchase of the land. Appellees say that appellants ought not to recover, for, even if they had such a contract they were not able to carry it into effect, either by paying the $5,750 or the additional amount making the total of $57,500. One of the appellants testified that he could have raised the money to make this payment, independent of the sale to Bellrose; and the testimony clearly shows that, if the sale had been made to Bellrose, appellants could and would have been able to comply with their alleged contract to purchase. There were 518 acres of this land not included in the sale to Bellrose, the title to which appellants seek to recover in this cause. Even if appellants had not been able to consummate the sale to Bellrose, if they could have paid for the land according to the contract, they would have had a profit in the transaction, under the testimony in behalf of appellants, which shows that the market value of the property at that time was from $100,000 to $125,000.

For the reason that the court erred in peremptorily instructing the jury to return a verdict in behalf of appellees, this cause is reversed and remanded for a new trial.

Reversed and remanded.